IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

WILHELMINA NICOMEDEZ,

Plaintiff,

- against -

THE CITY OF NEW YORK, a municipal entity, NYS TROOOPER THADDEUS WROBLEWSKI, NYPD DETECTIVE JOHN PETZOLT, NYPD PO ATKINSON, NYPD PO RIVAS, NYPD PO LaCLAIR, NYPD PO JANE DOES 1-5, and NYPD SUPERVISING OFFICERS RICHARD ROE 1-5.

Defendants.

------------------------------------------------------------------------X

INDEX NO. 19CV4470
ECF CASE

JURY TRIAL DEMANDED

COMPLAINT

Plaintiff WILHELMINA NICOMEDEZ by her attorneys, WYLIE STECKLOW PLLC, complaining of the defendants, respectfully alleges as follows:

## I. PRELMINARY STATEMENT

1. Plaintiff WILHELMINA NICOMEDEZ brings this action to seek relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, §§ 1981, 1983 and 1988, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitutions of the State and City of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon

this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

**III. VENUE**

4. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because Plaintiff resides in this district.

**IV. JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**V. THE PARTIES**

6. Plaintiff is and was a resident of the City of New York, State of New York, and the County of Queens.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. NYS TROOPER THADDEUS WROBLEWSKI, at all times here relevant was a member of the New York State Police, who issued him a firearm and authority to carry such weapon in the State of New York. At all times relevant herein, Defendant WROBLEWSKI lived in the same residential apartment building as the plaintiff in the county of Queens, New York.

9. NYPD DETECTIVE JOHN PETZOLT, at all times here relevant was a member of the New York City Police Department, acting under color of state law and/or pursuant to the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York.

10. NYPD POLICE OFFICER ATKINSON at all times here relevant was a member of the New York City Police Department, acting under color of state law and/or pursuant to the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York.

11. NYPD POLICE OFFICER RIVAS at all times here relevant was a member of the New York City Police Department, acting under color of state law and/or pursuant to the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York.

12. NYPD POLICE OFFICER LACLAIR at all times here relevant was a member of the New York City Police Department, acting under color of state law and/or pursuant to the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York.

13. NYPD POLICE OFFICERS JANE DOE 1-5 at all times here relevant were members of the New York City Police Department, acting under color of state law and/or

pursuant to the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York. Once the names of these defendants are learned, the complaint will be amended to identify these defendants by name.

14. NYPD SUPERVISING OFFICERS RICHARD ROE 1-5 are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## VI. FACTS COMMON TO ALL CLAIMS

15. Plaintiff is a petite female weighing 125 pounds and standing 5'2".

16. The events herein described began after the Plaintiff had filed complaints against a neighbor, Defendant Thaddeus Wroblewski, who is a member of law enforcement.

17. In the months and year prior to her arrest, Plaintiff had complained to the building staff and management about Defendant Thaddeus Wroblewski, who lived directly above the Plaintiff in the residential apartment building in Queens, New York where they both resided.

18. At some point after Plaintiff began complaining to the building staff and management about Defendant Thaddeus Wroblewski, he stopped Plaintiff outside of the residential building in which they both resided and said to her in sum and substance, "Stop complaining about me, I have a gun."

19. Defendant Thaddeus Wroblewski stopped Plaintiff on three occasions making the same statement.

20. After the third time this occurred, Plaintiff filed a complaint with Defendant Wroblewiski's employer, the New York State Police.

21. A few weeks later, Plaintiff found a note in front of apartment door from a Lieutenant Quinones from the New York State Police, asking Plaintiff to call him back.

22. Plaintiff returned the call twice but never spoke with Lieutenant Quinones.

23. On October 4, 2018, in the early morning as she was beginning her daily commute to work, NYPD officers stopped the Plaintiff on the sidewalk outside her home. These officers arrested Plaintiff, handcuffed her by twisting her arm back so far she suffered injuries. She was then placed in a marked NYPD vehicle in front of her neighbors in a manner that caused her head and body to strike the vehicle. Plaintiff was transported to 112th Precinct, forced to undergo a search and frisk in her bra by a female officer but in view of male police officers.

24. While at the precinct, members of the NYPD contacted Defendant Petzolt, who approached the cell in which Plaintiff was being held and told Plaintiff that she is being charged with stalking.

25. Detective Petzol informed the Plaintiff that he had evidence, including emails and text messages that she had sent, to support the charge of stalking.

26. During the time Plaintiff was at the 112th precinct, she was fingerprinted in a manner that twisted her arms and fingers, causing her pain.

27. Numerous times while Plaintiff was being held at the 112th Precinct, she was told by Defendant Petzolt and other officers to stop complaining about Defendant Wroblewski.

28. While she was detained at the 112th Precinct, Defendant Petzolt also told Plaintiff that the NYPD has informed the New York State Troopers and Lieutenant Quinones of the NYS Troopers and Defendant Wroblewski that Plaintiff was in custody and had been arrested.

29. Prior to this time, Plaintiff had never mentioned the name Lieutenant Quinones of the New York State Police to any NYPD officer.

30. Eventually, Plaintiff was transferred to Central Booking and forced to undergo a second search and frisk with only her bra on, and her upper torso exposed to all around her (mix of male and female officers).

31. From her jail cell she was able to retain an attorney, Joseph Murray, to come to criminal court and appear on her behalf.

32. Eventually she was brought before the arraigning Judge, at which time the District Attorney's office declined to prosecute the Plaintiff.

33. Thereafter, Plaintiff returned to the precinct to collect her property and various items were missing, including, but not limited to, contact lens, work items, an IPAD, a Microsoft Surface Computer.

34. The Plaintiff did not engage in any wrongdoing, did not violate any laws or offenses, but was subject to a false detention, arrest, excessive force and deprivation of her liberty.

35. Due to the unlawful conduct of the defendants, Plaintiff suffered physical harm and emotional distress.

36. Plaintiff has complied with all relevant provisions of GML §50 in providing notice to Defendant CITY OF NEW YORK of her claim within ninety (90) days of the incident, was noticed for and underwent a 50(h) hearing, and this complaint was filed in compliance with GML §50 requirements, including within one year and ninety days of the incident date.

FIRST CLAIM FOR RELIEF
DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

37. Plaintiff repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of the Defendant CITY and Defendant NYPD POLICE OFFICERS, their agents, servants and employees, were carried out under the color of state law.

39. All of the aforementioned acts deprived James of the rights, privileges and immunities guaranteed to citizens of the United States by Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

41. The Defendant NYPD POLICE OFFICERS and Defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. Further information regarding the existence of the aforesaid constitutionally-violative customs, policies and practices of Defendant CITY OF NEW YORK and its police officers, as well as of Defendant CITY OF NEW YORK's knowledge of same and Defendant CITY OF NEW YORK's failures to address same are set forth in the appendix to this complaint.

43. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, including physical and mental injuries, loss of liberty, lost wages, medical expenses, and deprivation of her constitutional rights.

44. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

SECOND CLAIM FOR RELIEF
FALSE ARREST UNDER 42 U.S.C. § 1983

45. Plaintiff repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46. Plaintiff was Seized by the defendants, without a warrant, against her will, and without justification.

47. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, including physical and mental injuries, loss of liberty, lost wages, medical expenses, and deprivation of her constitutional rights.

48. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

THIRD CLAIM FOR RELIEF
EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

49. Plaintiff repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

50. Defendant POLICE OFFICERS during the arrest and thereafter, during the processing of the arrest, utilized excessive force.

51. Initially, during the arrest, Plaintiff's arms were pushed behind her back in an excessively aggressive manner that hurt her shoulder, arm and neck.

52. While being fingerprinted, Plaintiff's fingers and hands were squeezed, twisted, and she suffered pain and harm from this conduct.

53. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, including physical and mental injuries, loss of liberty, lost wages, medical expenses, and deprivation of her constitutional rights.

54. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 USC 1983

55. Plaintiff. repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

56. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory individuals / officers RICHARD ROES, DEFENDANT PETZOLT, and those other RICHARD ROES who exercised supervisory responsibilities, caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

57. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.


## FIFTH CLAIM FOR RELIEF
### RESPONDEAT SUPERIOR LIABILITY FOR DEPRIVATION OF RIGHTS

58. Plaintiff repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

59. The conduct of defendants, NYPD DETECTIVE JOHN PETZOLT, NYPD PO ATKINSON, NYPD PO RIVAS, NYPD PO LaCLAIR, NYPD PO JANE DOES 1-5, and NYPD SUPERVISING OFFICERS RICHARD ROE 1-5, occurred while they were on duty and/or in uniform, and/or in and during the course and scope of their duties and

functions as members of the NYPD, and as a result, Defendant City of New York is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

60. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

SIXTH CLAIM FOR RELIEF
Section 1983 Conspiracy

61. Plaintiff repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

62. Defendant Thaddeus Wroblewiski is employed by the New York State Police, a distinct entity from the City of New York or the New York Police Department.

63. The remaining individual defendants are employed by the City of New York and its New York Police Department.

64. Upon information and belief, Defendant Thaddeus Wroblewski made an agreement with Defendants NYPD DETECTIVE JOHN PETZOLT, NYPD PO ATKINSON, NYPD PO RIVAS, NYPD PO LaCLAIR, NYPD PO JANE DOES 1-5, and NYPD SUPERVISING OFFICERS RICHARD ROE 1-5. NEW YORK CITY POLICE OFFICERS "JOHN DOES" 1-2, to violate the rights of Plaintiff.

65. In furtherance of this agreement to violate the rights of Plaintiff, the NYPD issued an arrest card for Plaintiff.

66. In furtherance of this agreement, members of the NYPD went to the home of the Plaintiff on more than one occasion.

67. In furtherance of this agreement, on October 4, 2018, members of the NYPD detained, arrested and brought Plaintiff to the 112th precinct.

68. In furtherance of this agreement, members of the NYPD sought to file criminal charges against Plaintiff.

69. In furtherance of this agreement, members of the NYPD contacted a supervising officer of Defendant Wroblewski and told this supervising officer, Lieutenant Quinones, that Plaintiff had been arrested by the NYPD.

70. In furtherance of this agreement, members of the NYPD fingerprinted and otherwise processed Plaintiff for arrest processing.

71. In furtherance of this agreement, members of the NYPD transferred the Plaintiff to Central Booking.

72. In furtherance of this agreement, members of the NYPD submitted false information to the local prosecutor's office in support of criminal charges against the plaintiff.

73. Based upon all of this conduct, Plaintiff suffered constitutional violations including, but not limited to, loss of liberty, false arrest, unlawful imprisonment.

74. As a result of the foregoing, Plaintiff suffered harm and is entitled to compensatory and punitive damages.

SEVENTH CLAIM FOR RELIEF
STATE LAW BATTERY

75. Plaintiff repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

76. The Defendant POLICE OFFICERS who stopped Plaintiff, pulled her arms and shoulders back in the course of seizing Plaintiff.

77. The circumstances presented to Defendants at that time did not justify the application of any force on Plaintiff.

78. Plaintiff was injured by Defendants' non-consensual and unprivileged physical contacts.

79. As a result of the foregoing, Plaintiff is entitled to compensatory damages and punitive damages against the Defendants in amounts to be determined at trial.

### EIGHTH CLAIM FOR RELIEF
### STATE LAW ASSAULT

80. Plaintiff repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

81. The individual defendants' conduct threatened imminent, offensive, and harmful contact with Plaintiff.

82. The individual defendants' aforementioned conduct placed Plaintiff in apprehension of imminent harmful and offensive bodily contact.

83. The individual defendants engaged in the aforementioned conduct intentionally.

84. A reasonable person in the position of the individual defendants under like circumstances would have known or been substantially certain that the aforementioned conduct would place Plaintiff in apprehension of imminent harmful and offensive bodily contact.

85. As a result of the individual defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

86. As a result of the individual defendants' conduct, Plaintiff has suffered other injuries, damages, and losses.

87. As a result of the foregoing, Plaintiff is entitled to compensatory damages and punitive damages against the Defendants in amounts to be determined at trial.

NINTH CLAIM FOR RELIEF
STATE LAW NEGLIGENCE

88. Plaintiff repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

89. The Defendant POLICE OFFICERS improperly detained, arrested, searched and harmed Plaintiff.

90. In so harming the Plaintiff, the Defendant POLICE OFFICERS did not exercise that degree of care which would reasonably be required of a police officer under similar circumstances.

91. As a result of the failure of these Defendant POLICE OFFICERS to exercise due care, Plaintiff suffered physical injuries.

92. As a result of the failure of these Defendant POLICE OFFICERS to exercise due care, Plaintiff has suffered injuries, including physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93. As a result of the failure of these Defendant POLICE OFFICERS to exercise due care, Plaintiff has suffered other injuries, damages, and losses.

94. The failure of these Defendant POLICE OFFICERS to exercise due care is the proximate cause of Plaintiff's injuries.

95. As a result of the foregoing, Plaintiff is entitled to compensatory damages and punitive damages against the Defendants in amounts to be determined at trial.

TENTH CLAIM FOR RELIEF
ABUSE OF PROCESS

96. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

97. The acts and conduct of defendants sought to use criminal process against the plaintiff as retribution for her complaints about defendant Wroblewski.

98. The acts and conduct of defendants sought to use criminal process against the plaintiff so she would cease complaining about defendant Wroblewski to her landlord and to the management company that oversaw the building in which she and Defendant Wroblewski resided.

99. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the state of New York.

100. By the conduct and actions described above, defendants NYS TROOPER WROBLEWSKI, NYPD DETECTIVE JOHN PETZOLT, NYPD PO ATKINSON, NYPD PO RIVAS, NYPD PO LaCLAIR, NYPD PO JANE DOES 1-5, and NYPD SUPERVISING OFFICERS RICHARD ROE 1-5. NEW YORK CITY POLICE OFFICERS "JOHN DOES" 1-2 employed regularly issued process against plaintiff compelling the performance or

forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.

101. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

ELEVENTH CLAIM FOR RELIEF
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

103. By the actions described above, defendants WROBLEWSKI, NYPD DETECTIVE JOHN PETZOLT, NYPD PO ATKINSON, NYPD PO RIVAS, NYPD PO LaCLAIR, NYPD PO JANE DOES 1-5, and NYPD SUPERVISING OFFICERS RICHARD ROE 1-5. NEW YORK CITY POLICE OFFICERS "JOHN DOES" engaged in extreme and outrageous conduct, which intentionally caused severe emotional distress to plaintiff.

104. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the state of New York.

105. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELTH CLAIM FOR RELIEF
### VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS
### UNDER 42 U.S.C. §1983
### ARISING FROM ILLEGAL STRIP SEARCHES

106. Plaintiff repeats and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

107. NYPD Defendants performed searches of the Plaintiffs' body, including a search of her top and torso while she was solely wearing a bra in a common view of both male and female officers.

108. These searches were performed without any search warrants, and without probable cause.

109. These searches were performed in an unreasonable manner.

110. The Individual Defendants unlawfully exposed the Plaintiff in the course of performing the searches conducted at the 112th Precinct.

111. The Individual Defendants unreasonably performed the searches of the Plaintiff conducted at the 112th precinct in the presence of both male and female individuals.

112. The Individual Defendants conducted a second strip search at PSA 2.

113. As a result, Plaintiff was harmed or injured, and seek compensation from Defendants in an amount to be determined at trial.

## THIRTEENTH CLAIM FOR RELIEF
### VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS
### UNDER 42 U.S.C. §1983 ARISING FROM
### DEFENDANTS' FAILURE TO INTERVENE

114. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

115. Each of the Individual Defendants had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of Plaintiff's constitutional rights.

116. The Individual Defendants failed to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights despite having had a realistic opportunity to do so.

117. The Individual Defendants failed to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights despite having substantially contributed to the circumstances within which the plaintiff's rights were violated by their affirmative conduct.

118. As a result of the aforementioned conduct of the individual defendant, Plaintiff's constitutional rights were violated.

119. As a result, Plaintiff was injured, and seeks compensation in an amount to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Empanel a jury.

[d] Award attorney's fees and costs.

[e] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
AUGUST 2, 2019

Respectfully submitted,

Wylie M. Stecklow
Wylie Stecklow PLLC
233 Broadway, Suite 820
New York, New York 10279
Phone: (212) 566-8000
Fax: (212) 202-4952
ECF@wylielaw.com
ATTORNEY FOR PLAINTIFF