

Wylie Stecklow, Esq.
233 Broadway, Suite 820
New York, New York 10279
Phone: (212) 566-8000
Fax: (212) 202-4952
Wylie@wylielaw.com

September 3, 2019

<u>Via ECF</u>
Honorable Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: <u>Nicomedez v. City of NY et al</u>
     19CV4470(RRM)(PK)

Dear Honorable Judge Kuo:

  Please take notice that I am the attorney for the plaintiff in the above referenced litigation. Pursuant to this court's order dated August 27, 2019, please accept this correspondence in response to the defendant City of New York's request for a sixty day extension of time to respond to the plaintiff's complaint.

  On or about August 2, 2019, this matter was filed via ECF, and on August 5, 2019, a summons was issued and the defendant City of New York was immediately served. On August 26, 2019, the date their responsive pleading was due, the City requested a sixty day extension. Earlier today, the undersigned was provided with the first names and badge names of the individual NYPD defendants. A summons was requested for these defendants (Dockets 11 & 12) and issued (Dockets    ). The undersigned anticipates serving the five individual defendants on or about September 3 or 4, 2019. Accordingly, these defendants will have a response due on or about September 24 or 25, 2019.

  As this court is aware, the City of New York begins its defense of virtually every civil rights lawsuit in Federal Court with a boilerplate "request that the Court extend its time to answer by several months to allow the City and its counsel 'to properly investigate the allegations of the Complaint.'" *Martinez v. City of New York*, 2018 U.S.Dist. LEXIS 66106, *86 (E.D.N.Y. 2018). Unfortunately, the good faith basis for these routine requests for additional time to answer complaints by the City of New York has recently been placed into question by the Honorable Judge Cheryl Pollack;

> The complete absence of a reasonable inquiry in the instant case calls into question the good faith of the City's routine requests for additional time to answer. In light of the proceedings in this case, such requests could be seen as part of a policy calculated to delay the litigation unnecessarily.

*Martinez v. City of New York*, 2018 U.S.Dist. LEXIS 66106 (f/n 21) (E.D.N.Y. 2018).

It is the plaintiff's position that the Queens District Attorney's decision to decline to prosecute this matter on November 29, 2018 should have also been notice of an issue with this arrest triggering an investigation by defendant City of New York. Regardless, at least since the filing of the notice of claim on December 14, 2018 defendant has been on notice of this claim. In fact, on February 13, 2019, the City of New York questioned the plaintiff in a 50h hearing.

As the individual defendants's due date to reply to the complaint will be by the end of September, it is respectfully requested that the defendant City of New York not be given more than approximately a thirty (30) day extension of time, to match up with the due date for the individual defendants to respond to the pleading.

Respectfully submitted,

Wylie M. Stecklow