**JEFFREY P. MANS, ESQ.**
LAW OFFICE OF JEFFREY P. MANS
P.O. Box 11-282
Albany, New York 12211
(518) 265-4135
ADKHIGHLANDER@GMAIL.COM

October 24, 2019

Hon. Roslynn R. Mauskopf
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Nicomedez v. City of New York, et al.
                 19-CV-4470 (RRM) (PK)
                 United States District Court, Eastern District of New York

Dear Judge Mauskopf:

      I represent defendant Thaddeus Wroblewski in the above-referenced action. Pursuant to your Honor's Individual Rules regarding civil motions, I am writing to request a pre-motion conference to file a FRCP Rule 12(b)(6) motion to dismiss the complaint against defendant Wroblewski for failure to state a claim based upon the grounds set forth below.

      In connection herewith, I am also requesting an extension of time to answer the complaint, which is due on October 25, 2019 (Dkt. 22), as required by your Honor's Individual Rules, since the Rule 12(b)(6) motion is intended to be filed in response to the complaint.

      Plaintiff commenced this § 1983 action asserting various constitutional claims against defendants regarding her arrest by members of the New York Police Department on October 4, 2018, based upon complaint made to the New York City Police Department by defendant Wroblewski regarding the plaintiff, who resides in the same apartment building as defendant Wroblewski (Dkt. 1, Complaint). While plaintiff asserts various civil rights claims against the City of New York and the NYPD defendants, plaintiff's civil rights claims against defendant Wroblewski are limited to the following: (*see* Dkt. 1, Complaint; ¶¶ 64-72 [Sixth Claim-Conspiracy], ¶¶ 115-117 [Thirteenth Claim-Failure to Intervene]) (see Dkt. 1, Complaint).[1]

      In the instant action, plaintiff makes no allegation in the complaint that defendant Wroblewski acted in his capacity as a New York State Trooper, filed criminal charges against her,

---

1. To the extent that all of plaintiff's federal civil rights claims are dismissed against defendant Wroblewski, the Court would no longer have pendant jurisdiction to entertain plaintiff's State law claims herein.

participated in her arrest, use of force, supervised or had any authority over the NYPD defendants, was involved in her arrest, strip search, or was present and failed to intervene during plaintiff's arrest, search, custody or arraignment (*see* Dkt. 1, Complaint; ¶¶ 64-72 [Sixth Claim-Conspiracy], ¶¶ 115-117 [Thirteenth Claim-Failure to Intervene]). The only factual allegations against Wroblewski involving the plaintiff's arrest and subsequent actions taken by the NYPD defendants concerns a complaint made by defendant Wroblewski to the NYPD, in his individual capacity, that the NYPD defendants used to support the charge of stalking against plaintiff, and the bald faced allegation that he conspired and made an agreement with the NYPD defendants to violate her civil rights and have her arrested (Dkt. 1, ¶ 25, ¶¶ 64-72 [Sixth Claim]). Plaintiff fails to allege any particulars or participation by defendant Wroblewski regarding the alleged conspiracy or agreement with the NYPD defendants to violate her civil rights and have her arrested.

When considering a FRCP Rule 12(b)(6) motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant" (Sheppard v Beerman, 18 F3d 147, 150 [2d Cir. 1994]). However, the Court is not bound by the plaintiff's assertion of "legal conclusions" nor the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" (Ashcroft v Iqbal, 556 US 662, 129 S.Ct. 1937, 1949 [2009], *citing* Bell Atlantic Corp. v Twombly, 550 US 554, 555 [2007] [holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action… [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation"]). Instead, on a motion to dismiss, the Court must determine whether plaintiff has alleged enough facts to state a claim that is plausible, based upon its own "judicial experience and common sense" (Iqbal, 129 S.Ct. at 1950-51).

To survive a motion to dismiss, a party need only plead "a short and plaint statement of the claim" under FRCP Rule 8(a)(2) with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief'" (Bell Atl. Corp. v Twombly, 550 US 544, 557 [2007] [citation omitted]). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level" (*Id*. at 555 [citation omitted]), and present claims that are "plausible on [their] face" (*Id*. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" (Ashcroft v Iqbal, 556 US 662, 678 [2009]). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief"'" (*Id*. quoting Twombly at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief" (Twombly at 558), or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the… complaint must be dismissed (Twombly at 570).

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under §1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation" (Grullon v City of New Haven, 720 F3d 133, 138 [2d Cir. 2013] [citations omitted]). Moreover, "when monetary damages are sought under §1983, the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required" (Wright v Smith, 21 F3d 496, 501 [2d Cir. 1994]).

2

"[W]hile facts and evidence solely within a Defendant's possession and knowledge may be pled 'on information and belief,' this does not mean that those matters may be pled lacking any detail at all" (Miller v City of New York, No. 05-6024, 2007 WL 1062505, *4 [EDNY Mar. 30, 2007] [*citing*, *inter alia*, First Capital Asset Mgmt., Inc. v Satinwood, Inc., 385 F3d 159, 180 [2d Cir. 2004]); *see* DiVittorio v Equidyne Extractive Indus., Inc., 822 F2d 1242, 1247 [2d Cir. 1987] ["the allegations must be accompanied by a statement of the facts upon which the belief is based").

As noted above, plaintiff fails to allege any particulars or participation by defendant Wroblewski regarding the alleged conspiracy or agreement with the NYPD defendants to violate her civil rights and have her arrested. In essence, plaintiff fails to allege sufficient personal involvement by defendant Wroblewski, and therefore fails to state a claim against him regarding any conspiracy claim or failure to intervene claim alleged in the complaint, and those claims must therefore be dismissed.

It is respectfully submitted that defendant Wroblewski should be permitted to file a motion to dismiss the complaint in response to the complaint, as permitted by FRCP Rule 12(b)(6), and the deadline to file an answer to the complaint, presently due October 25, 2019, be extended pending the Court's consideration of the pre-motion request herein.

                                      Respectfully yours,

                                      *Jeffrey P. Mans*

                                      Jeffrey P. Mans

cc: All Counsel of Record (*via* ECF)