UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILHELMINA NICOMEDEZ,

                                              *Plaintiff*,

                    -against-

THE CITY OF NEW YORK, a municipal entity,
NYS TROOOPER THADDEUS WROBLEWSKI,
NYPD DETECTIVE JOHN PETZOLT, NYPD PO
ATKINSON, NYPD PO RIVAS, NYPD PO LaCLAIR,
NYPD PO JANE DOES 1-5, and NYPD SUPERVISING
OFFICERS RICHARD ROE 1-5,

                                              *Defendants*.

ANSWER

19-CV-4470
(RRM) (PK)

Jury Trial Demanded

        Defendant Thaddeus Wroblewski, by his attorney, Jeffrey P. Mans, answers the

plaintiff's Complaint dated August 2, 2019 (Dkt. 1), as follows:

        1.      Denies each and every allegation contained in the Complaint that alleges or tends

to allege that defendant Wroblewski's actions challenged herein were in any way contrary to

constitutional, statutory, regulatory or case law.

        2.      Denies the allegations contained in paragraphs 18, 19, 20, 35, 39, 43, 44, 46, 47,

48, 54, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 81, 82, 83, 84, 85, 86, 87, 97, 98, 99, 100, 101,

103, 104, 105, 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, 118 and 119 of the Complaint.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 6, 9, 10, 11, 12, 13, 14, 15, 16, 21, 22, 23, 24, 25, 26, 27, 28,

29, 30, 31, 32, 33, 34, 50, 51, 52, 63, 76, 77, 78, 79, 89, 90, 91, 92, 93, 94 and 95 of the

Complaint.

        4.      Admits the allegations contained in paragraphs 1, 2, 3 and 4 of the complaint to

the extent that plaintiff allegedly commenced the instant action pursuant to 42 USC §§ 1983 and

1988, for alleged violations of her Fourth and Fourteenth Amendment rights under the U.S.

Constitution, and the laws and Constitution of the State of New York and City of New York, as set forth in her complaint, that this Court has original jurisdiction and supplemental jurisdiction to entertain properly venued actions pursuant to 28 USC §§1331, 1343(a)(3) and (a)(4), 1367, 1391(a), (b) and (c), and 1402(b), and denies each and every remaining allegation inconsistent therewith.

5.    The allegations contained in paragraphs 5, 7, 36, 38, 40, 41, 53, 56, 57, 59 and 60 of the Complaint set forth plaintiff's legal demands, legal conclusions and/or legal characterizations, for which no responsive pleading is required; to the extent such allegations may be deemed factual in nature, denies sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

6.    Admits the allegations contained in paragraphs 8 and 62 of the complaint to the extent that defendant Wroblewski is employed by the State of New York, Division of State Police, as a New York State Trooper, and in such capacity, has been issued and is authorized to carry a firearm, and formerly resided in the same residential apartment building as the plaintiff located in the County of Queens, New York, and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

7.    Admits the allegations contained in paragraph 17 of the complaint to the extent that defendant Wroblewski formerly resided above the plaintiff in the same residential apartment building located in Queens, New York, and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

8.    In response to the allegations contained in paragraphs 37, 45, 49, 55, 58, 61, 75, 80, 88, 96, 102, 106 and 114 of the complaint, defendant Wroblewski hereby repeats and reasserts his answers to each and every allegation contained in the complaint, as though fully set forth herein.

9.      Regarding the allegations contained in paragraph 42 of the complaint, respectfully refer to the document referenced therein, which speaks for itself, and denies each and every remaining allegation.

10.     Denies each and every remaining allegation contained in the Complaint not specifically responded to above.

### DEFENSES and AFFIRMATIVE DEFENSES

11.     The Complaint fails to state a claim upon which relief can be granted.

12.     At all times relevant to the Complaint, defendant Wroblewski's actions were reasonable, justified, lawful, and taken in good faith under the circumstances, based on reasonable, legitimate, non-retaliatory and lawful grounds.

13.     There was probable cause for plaintiff's arrest, detention and prosecution.

14.     There was reasonable suspicion and/or probable cause for any stop, search and/or seizure.

15.     The alleged conduct was properly within the discretionary authority committed to the defendants to perform their official duties and functions, and the relief sought would constitute an improper intrusion into said discretionary authority of law enforcement officials.

16.     The complaint is barred, in whole or in part, by the applicable statute of limitations.

17.     Plaintiff's State law claims may be barred, in whole or in part, because plaintiff failed to comply with the condition precedent to suit.

18.     Plaintiff's State law claims may be barred, in whole or in part, by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

19.     Plaintiff's claims are barred, in whole or part, by her own contributory and comparative negligence, and by assumption of risk.

20.     Plaintiff's claims may be barred, in whole or in part, based upon the doctrine of good faith qualified immunity.

21.     Plaintiff has failed to mitigate damages.

22.     To the extent that plaintiff has failed to mitigate her alleged damages, any award to plaintiff should be reduced accordingly.

23.     Any injuries allegedly sustained by plaintiff herein were caused in whole or in part by the conduct of one or more parties, non-parties, or entities for whose conduct defendant Wroblewski is not responsible.

24.     The actions challenged herein were reasonable exercises of judgment by defendants under the circumstances.

25.     To the extent plaintiff fails to state a federal question claim for alleged violations arising under the constitutional, or law or treaties of the United States, the Court should not exercise pendant jurisdiction over state law claims (28 USC § 1367[c][3]; *Castellano v New York*, 142 F3d 58, 74 [2d Cir.1998]).

26.     Defendant Wroblewski at no time acted willfully or maliciously in disregard of plaintiff's rights, and plaintiff is therefore not entitled to punitive damages or other relief.

27.     Defendant Wroblewski was not personally involved in the underlying actions and events which give rise to the Complaint, and the Complaint fails to state a cause of action against him.

28.     The complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

29.     The complaint is barred, in whole or in part, by the applicable statute of limitations.

30.    Plaintiff's injuries were caused, in whole or in part, by her own culpable conduct and any damages should be reduced accordingly.

31.    Plaintiff fails to state a claim for a violation of the New York State Constitution since she has adequate available State law remedies, and remedies available pursuant to 42 USC § 1983.

32.    Plaintiff's alleged injuries resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others, and was not the proximate result of any act of defendants.

**AS AND FOR A FIRST COMPULSORY COUNTERCLAIM
FOR DEFAMATION AGAINST PLAINTIFF**

33.    This Court has pendant and ancillary jurisdiction to adjudicate the counterclaims of defendant Wroblewski which arise out of the transaction or occurrence which is the subject matter of plaintiff's claim and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction.

34.    As alleged in the Complaint, plaintiff filed a complaint against defendant Wroblewski, with his employer, the New York State Police, regarding her allegations against defendant Wroblewski that he told her he had a gun and threatened her on three occasions (Dkt. 1, Complaint, ¶¶18-20).

35.    As alleged by plaintiff in the Complaint, a few weeks after plaintiff filed a complaint against defendant Wroblewski with the New York State Police, she found a note on her apartment door from Lieutenant Quinones from the New York State Police asking plaintiff to call him, and she called him twice (Dkt. 1, Complaint, ¶¶ 21-22).

36.    The claims made by plaintiff in her alleged complaint to the New York State Police against defendant Wroblewski regarding her allegations that he had a gun and threatened her are patently false and untrue.

37.     Upon information and belief, plaintiff has similarly made false statements and accusations to other individuals, including false claims made in an email on or about September 8, 2018, that defendant Wroblewski had a gun and threatened his neighbors with his firearm, was making death threats, terroristic threats, bombing threats, threats of physical assault, and other patently false and untrue allegations.  Given the nature of the false allegations made in the aforesaid email communication, defendant Wroblewski self-reported the false allegations to his employer, the New York State Division of State Police.

38.     As a result of the plaintiff's complaint, statements and accusations against defendant Wroblewski, an investigation was conducted by the New York State Police regarding plaintiff's false accusations against defendant Wroblewski.

39.     Upon information and belief, as part of the New York State Police investigation regarding plaintiff's false allegations, statements and accusations against defendant Wroblewski, interviews were conducted by the New York State Police regarding the plaintiff's false allegations that he had threatened people with his gun, including interviews of defendant Wroblewski's neighbors in the apartment where he lived.

40.     As a result of the plaintiff's false complaint, statements and accusations against defendant Wroblewski, and subsequent investigation by his employer, the New York State police, defendant Wroblewski's personal reputation in the community, and professional reputation at work, have been damaged, and upon information and belief, adversely affects his job and promotional opportunities within the New York State Police.

41.     As a result of plaintiff's false complaint, statements and allegations against defendant Wroblewski, he has suffered personal injuries, including emotional distress and harm.

42.     As a result of plaintiff's false complaint, statements and allegations against defendant Wroblewski, defendant Wroblewski demands judgment against plaintiff on his first compulsory counterclaim in a sum to be determined at trial.

43.     Defendant Wroblewski hereby demands a trial by jury.

**WHEREFORE**, defendant Wroblewski respectfully demands judgment dismissing the Complaint, awarding compensatory and punitive damages on his compulsory counterclaim for defamation, for the costs and disbursements of this action, and for such other and further relief as to the Court shall seem just and equitable.

Dated: Albany, New York
          October 13, 2020

LAW OFFICE OF JEFFREY P. MANS

/S/ *Jeffrey P. Mans*

Jeffrey P. Mans, Esq.
Bar No. JM9929
*Attorney for Defendant Wroblewski*
P.O. Box 11-282
Albany, New York 12211-0282
(518) 265-4135
ADKHIGHLANDER@GMAIL.COM

To:  John G. Balestriere, Esq. (*via* ECF)
      BALESTRIERE FARIELLO
      225 Broadway, 29th Fl.
      New York, New York 10007

      Richard Bahrenburg, ACC (*via* ECF)
      Special Federal Litigation Division
      New York City Law Department
      100 Church Street
      New York, New York 1007

**CERTIFICATION OF SERVICE**

I hereby certify that the foregoing Answer filed on behalf of defendant Wroblewski was served *via* the Court's Electronic Case Filing (ECF) system on counsel for all parties of record in this action on October 13, 2020.

Dated: Albany, New York
        October 13, 2020

/S/ *Jeffrey P. Mans*
Jeffrey P. Mans